**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Sean M. Blakely (SBN 264384)
sblakely@haineslawgroup.com
Joel M. Gordon (SBN 280721)
jgordon@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EMILIA GIL TOPETE, as an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

MASTERBRAND, INC., a Delaware corporation; MASTERBRAND CABINETS LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,

Defendants.

CASE NO. 5:25-cv-02824-FLA-RAO

**FIRST AMENDED CLASS ACTION COMPLAINT:**

**(1) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 510, 1194, 1198);**

**(2) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);**

**(3) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);**

**(4) FAILURE TO REIMBURSE FOR ALL NECESSARY BUSINESS EXPENDITURES (LABOR CODE §§ 2802, 2804);**

**(5) WAGE STATEMENT PENALTIES (LABOR CODE §§ 226 *et seq.*; and**

**DEMAND FOR JURY TRIAL**
**UNLIMITED CIVIL CASE**

Plaintiff Emilia Gil Topete ("Plaintiff"), on behalf of herself and all others similarly situated, hereby brings this First Amended Class Action Complaint ("Complaint") against Defendants MasterBrand, Inc., a Delaware corporation; MasterBrand Cabinets LLC, a Delaware limited liability company; and DOES 1 to 100, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

**JURISDICTION**

1. Plaintiff, on behalf of herself and all others similarly situated, hereby brings this Complaint for recovery of unpaid wages and penalties under California Labor Code §§ 226, 226.7, 510, 512, 516, 558, 1198, 2802, 2804, and Industrial Welfare Commission Wage Order 1 ("Wage Order 1"), in addition to seeking injunctive relief, declaratory relief, and restitution. This Complaint is brought pursuant to California Code of Civil Procedure § 382. This Court has jurisdiction over Defendants' violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum.

**VENUE**

2. Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in San Bernardino County. Defendants own, maintain offices, transact business, have an agent or agents within San Bernardino County, and/or otherwise are found within San Bernardino County, and Defendants are within the jurisdiction of this Court for purposes of service of process.

**PARTIES**

3. Plaintiff is, and at all times relevant herein was, an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was, and currently is, a California resident. Within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices

complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by California Labor Code §§ 226, 226.7, 510, 512, 516, 558, 1198, 2802, 2804, and Wage Order 1, which sets employment standards for the manufacturing industry

4. Plaintiff is informed and believes, and based thereon alleges, that during the applicable statute of limitations for each cause of action pled herein and continuing to the present, Defendants engage in and continue to engage in the manufacturing of cabinets, and employed Plaintiff and other, similarly-situated non-exempt employees within San Bernardino County, and the State of California and, therefore, were (and are) doing business in San Bernardino County and the State of California.

5. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 100, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and based thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined in Paragraph 16) to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

6. Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes.

7. At all relevant times, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of

all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

8. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

## GENERAL FACTUAL ALLEGATIONS

9. Defendants are in the business of manufacturing cabinets, which are sold throughout the United States. Plaintiff has worked for Defendants as a non-exempt "MB Assembler" (or similarly titled position) from approximately June 27, 2022 to the present.

10. During Plaintiff's employment with Defendants, Plaintiff worked over 8.0 hours per workday and/or more than 40.0 hours per workweek but did not receive overtime compensation equal to one and one-half times her regular rate of pay for working overtime hours. Specifically, Defendants paid Plaintiff and other non-exempt employees non-discretionary incentive pay, including daily bonus payments depending on how many cabinets were assembled in each day, and these bonus payments are not excludable from an employee's "regular rate" of pay (hereinafter, "Incentive Pay"). By way of example, her pay statement for the check dated August 2, 2024 identifies her base rate of pay as "$18.80" and her "Overtime Pay 0.5" as "$9.40." However, during the pay period reflected by this check, from July 21, 2024 to July 27, 2024, Plaintiff also received $92.18 in Incentive Pay, labeled on her pay statement as "Production Incentive Non-Union." Despite receiving this Incentive Pay in addition to her hourly base rate of pay, her overtime rate was still calculated during this pay period at her base hourly rate of $18.80

instead of the regular rate of pay that should have included the Incentive Pay, thereby miscalculating and underpaying the overtime wages owed to Plaintiff during this pay period.

11. Defendants also failed to provide Plaintiff and other non-exempt employees with all legally compliant meal periods due to Defendants' meal period policies/practices, which have resulted in late (commencing after the fifth hour of work), short (less than 30 minutes), and missed meal periods. Plaintiff and other non-exempt employees did not record their own meal period times. Instead, supervisors dismissed Plaintiff and other non-exempt employees and Defendants automatically deducted 30 minutes from the employees' time. Despite all employees starting work at 5:00 a.m. for every shift, Plaintiff and other non-exempt employees were dismissed at different times in order to prevent too many employees from crowding the break areas at once, and therefore some departments would be dismissed later than 10:00 a.m. for lunch, after the end of the fifth hour of work. For example, Plaintiff reports that when she and other non-exempt employees were making drawers, they were instructed to remain at work after the fifth hour in order to keep the production line running. Although Plaintiff currently does not have access to her timekeeping records, she reports that supervisors required her to keep working after the fifth hour of work instead of taking meals frequently in the early months of 2023. She reports that she and other non-exempt employees were given, on average, two late meals per week, but that the time deducted from her pay falsely reflects that the meal periods were taken on-time. Plaintiff has requested her daily timekeeping record from Defendants for the relevant time period, but Defendants have not yet agreed to produce these records. Furthermore, Defendants' meal period policies and practices also failed to provide Plaintiff and other non-exempt employees with 30 minutes of "net rest" due to the fact that employees had to use part of their break time walking to and from their workstations to a suitable resting area, which was approximately two minutes away, or four minutes round-trip.

Plaintiff reports that she and other non-exempt employees would be verbally reprimanded nearly every day for not getting back to their workstations exactly 30 minutes after being dismissed, resulting in meal periods on most days of around 25 minutes. After a hip injury in late 2023, Plaintiff was forced to take shorter lunches in order to walk from the rest areas back to her workstation without being reprimanded by her supervisors. In addition, Defendants failed to provide Plaintiff and other non-exempt employees with second meal periods on shifts over 10.0 hours. Plaintiff and other non-exempt employees were informed that they should not take a second meal period so that everyone could leave earlier on shifts when they were working overtime. On those occasions when Defendants failed to provide a legally complaint meal period to Plaintiff and other non-exempt employees, Defendants failed to compensate Plaintiff and other non-exempt employees with the required meal period premium for each workday in which they experienced a meal period violation as mandated by Labor Code § 226.7. Based on the pay statements that are currently available to Plaintiff, Defendants maintained no mechanism for the payment of meal period premium payments as required by Labor Code § 226.7 and did not pay Plaintiff or other non-exempt employees any meal period premiums.

12. Defendants have also failed to authorize and permit all required rest periods for Plaintiff and other non-exempt employees. Plaintiff reports that she would not receive one of her required rest periods at least twice per week. Plaintiff also reports that Defendants did not authorize or permit rest periods to Plaintiff when she was building drawers because her supervisors informed employees that they needed to keep the line running continuously. In addition, Defendants' rest period policies and practices failed to provide Plaintiff and other non-exempt employees with 10 minutes of "net rest" due to the fact that employees had to use part of their break time walking to and from their workstations to a suitable resting area. As explained above, the walk between workstations and rest areas takes

several minutes, and Plaintiff reports that she and other non-exempt employees were reprimanded by supervisors if they took more than exactly ten minutes to return to their workstations after their breaks. Despite failing to authorize and permit Plaintiff and other non-exempt employees to take all rest periods to which they are entitled, based on the pay statements that are currently available to Plaintiff, Defendants maintained no mechanism for the payment of rest period premium payments as required by Labor Code § 226.7 and did not pay Plaintiff or other non-exempt employees any rest period premiums.

13. During Plaintiff's employment with Defendants, Defendants also failed to properly calculate the regular rate of pay when calculating their employees' sick time pay due to the receipt of Incentive Pay, thus providing Plaintiff and other non-exempt employees with sick time pay at below the regular rate of pay, in violation of California law. By way of example, in the pay period from November 24, 2024 to November 30, 2024, Plaintiff's sick pay was calculated at "$19.35," the same rate as her base hourly rate of pay. However, during this pay period, Plaintiff was also compensated for "74.49" in Incentive Pay, which should have resulted in a higher regular rate of pay during this pay period.

14. Defendants also failed to adequately reimburse Plaintiff and other non-exempt employees for all reasonable and necessary work expenditures, including, but not limited to, the purchase of protective apparel and the use of personal cellular phones to communicate with co-workers. Although Plaintiff and other non-exempt employees were given reimbursements for safety shoes, Plaintiff was required to purchase her own aprons, safety gloves, sleeve and mouth covers for the work she performed while employed by Defendants. This equipment, worn by Plaintiff and her co-workers, was all necessary in order to avoid injuries while building cabinets, but Defendants did not provide the equipment to them. Furthermore, Defendants required Plaintiff and other non-exempt employees to use their personal cellular phones for business purposes, including filling out "CA Weekly Time

Acknowledgment for Hourly Worker" surveys, which took approximately ten minutes and needed to be filled out on employees' phones. Despite requiring Plaintiff and other non-exempt employees to make these required business purchases, Defendants did not adequately reimburse Plaintiff and other non-exempt employees for these expenses.

15. As a result of Defendants' failure to compensate Plaintiff and other non-exempt employees for all meal and rest period premium wages, and sick time pay at the correct regular rate of pay, Defendants maintained inaccurate payroll records and failed to issue accurate, compliant, itemized wage statements.

## CLASS ACTION ALLEGATIONS

16. Class Definitions: Plaintiff brings this Complaint on behalf of himself and the following Classes pursuant to Section 382 of the Code of Civil Procedure:

a. The Overtime Class consists of all of Defendants' current and former non-exempt employees in California who worked in excess of 8 hours in a work day and/or in excess of 40 hours in a work week during the four years preceding the filing of the Complaint through the present.

b. The Meal Period Class consists of all of Defendants' current and former non-exempt employees in California who (i) worked at least one shift in excess of 5.0 hours; and/or (ii) worked at least one shift in excess of 10.0 hours, during the four years immediately preceding the filing of the Complaint through the present.

c. The Rest Period Class consists of all of Defendants' current and former non-exempt employees in California who worked at least one shift of 3.5 hours or more, during the four years immediately preceding the filing of the Complaint through the present.

d. The Employee Expense Class consists of all of Defendants' current and former non-exempt employees who were not adequately reimbursed for reasonable and necessary expenditures in connection

with their employment with Defendants, during the four years immediately preceding the filing of the Complaint through the present.

e. The Wage Statement Class consists of all members of the Overtime Class, Meal Period Class, and/or Rest Period Class who have received a wage statement from Defendants during the one year immediately preceding the filing of the Complaint through the present.

17. **Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff, at this time; however, it is estimated that the Classes number is in excess of one hundred (100) individuals as to each class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

18. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation, to:

i. Whether Defendants violated the applicable Labor Code provisions, including, but not limited to, §§ 510 and 1194 by requiring members of the Overtime Class to perform overtime work and not paying for said work in accordance with the overtime laws of the State of California;

ii. Whether Defendants' timekeeping policies/practices resulted in the failure to properly compensate members of the Overtime Class;

iii. Whether Defendants provided legally compliant meal periods to members of the Meal Period Class pursuant to Labor Code §§ 226.7 and 512;

iv. Whether Defendants correctly paid meal period premium payments for non-compliant meal periods pursuant to Labor Code § 226.7;

v. Whether Defendants authorized and permitted legally compliant rest periods to members of the Rest Period Class pursuant to Labor Code §§ 226.7 and 516;

vi. Whether Defendants correctly paid rest period premium payments for non-compliant rest periods pursuant to Labor Code § 226.7;

vii. Whether Defendants' policies and/or practices regarding reasonable and necessary business expenditures resulted in the failure to properly reimburse members of the Employee Expense Class; and

viii. Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226.

19. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law and fact set forth above are numerous and substantial and stem from Defendants' uniform policies and/or practices applicable to each individual class member including, but not limited to, Defendants' uniform timekeeping policies and/or practices, and meal and rest period policies and/or practices. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

20. **Typicality:** The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statutes of limitation applicable to each cause of action pled in this Complaint. As alleged herein, Plaintiff, like the members of the Classes, was not properly paid overtime wages due to Defendants' timekeeping policies/practices, was not provided all required meal periods, as not authorized and permitted to take all required rest periods, did not receive meal and rest period premium wages for missed and/or non-compliant meal and rest periods, and/or was not reimbursed for necessary business expenses, were not issued accurate itemized

wage statements.

21. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

22. **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially

incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes are maintainable as classes under § 382 of the Code of Civil Procedure.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

## (AGAINST ALL DEFENDANTS)

23. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

24. This cause of action is brought pursuant to Labor Code §§ 510, 1194, and 1198, which provides that non-exempt employees are entitled to all overtime wages and compensation for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

25. At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiff and members of the Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and Wage Order 4. Wage Order 4, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per workday and/or in excess of 40 hours of work in the workweek. Defendants caused Plaintiff to work overtime hours but did not compensate Plaintiff or members of the Overtime Class with one and one-half times their regular rate of pay for such hours.

26. The foregoing policies and practices are unlawful and create an

entitlement to recovery by Plaintiff and members of the Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to California Labor Code §§ 210, 216, 510, 1194, and 1198; and Code of Civil Procedure § 1021.5.

**<u>SECOND CAUSE OF ACTION</u>**

**MEAL PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

27. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

28. Plaintiff is informed and believe, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their non-exempt employees in California, including Plaintiff and members of the Meal Period Class, with all legally compliant meal periods in accordance with the mandates of the California Labor Code and Wage Order 4, § 11. Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and members of the Meal Period Class at their respective regular rates of pay, in accordance with California Labor Code §§ 210, 226.7, and 512.

29. As a result, Defendants are responsible for paying premium compensation for meal period violations pursuant to Labor Code §§ 226.7 and 512, and Wage Order 4, including interest thereon, statutory penalties, civil penalties, and costs of suit.

**<u>THIRD CAUSE OF ACTION</u>**

**REST PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

30. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

31. Wage Order 4, § 12 and Labor Code §§ 226.7 and 516 establish the

right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

32. As alleged herein, Defendants failed to authorize and permit Plaintiff and members of the Rest Period Class to take all required rest periods.

33. The foregoing violations create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 516, and Civil Code §§ 3287(b) and 3289.

## FOURTH CAUSE OF ACTION

## FAILURE TO REIMBURSE EMPLOYEES FOR NECESSARY BUSINESS EXPENDITURES

## (AGAINST ALL DEFENDANTS)

34. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

35. Based on information and belief, Defendants required Plaintiff and members of the Employee Expense Class to use their personal cellular phones but failed to provide adequate reimbursement.

36. At all relevant times herein, Defendants were subject to Labor Code § 2802, which states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

37. At all relevant times herein, Defendants were subject to Labor Code § 2804, which states that, "[a]ny contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

38. As a proximate result of Defendants' policies and/or practices in violation of Labor Code §§ 2802 and 2804, and Wage Order 5, § 9, Plaintiff and members of the Employee Expense Class were damaged in sums, which will be shown according to proof.

39. Plaintiff and members of the Employee Expense Class are entitled to attorneys' fees and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

40. Pursuant to Labor Code § 2802(b), any action brought for the reimbursement of necessary expenditures carries interest at the same rate as judgments in civil actions. Thus, Plaintiff and members of the Employee Expense Class are entitled to interest, which shall accrue from the date on which they incurred the necessary expenditure.

**FIFTH CAUSE OF ACTION**

**WAGE STATEMENT VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

41. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

42. Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with accurate and complete, itemized wage statements that included, among other requirements, all hours worked, total gross wages earned, all rates of pay and corresponding number of hours worked, total net wages earned, and the correct name of the legal entity that is the employer in violation of Labor Code § 226 *et seq.*

43. Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with accurate and complete, itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of overtime wages and meal and rest period premium wages owed, and deprived them

of the information necessary to identify the discrepancies in Defendants' reported data.

44. Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226 *et seq*., including statutory penalties, civil penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226 *et seq*.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for themselves and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiff as representative of the Classes;
3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;
4. Upon the First Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 510, 1194, and 1198;
5. Upon the Second Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;
6. Upon the Third Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;
7. Upon the Fourth Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 2802 and 2804;
8. Upon the Fifth Cause of Action, for statutory penalties pursuant to Labor Code § 226 *et. seq.*;

9. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

10. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, 1194, 2802(c), and Code of Civil Procedure § 1021.5; and

11. For such other and further relief, the Court may deem just and proper.

Dated: December 12, 2025

Respectfully submitted,
HAINES LAW GROUP, APC

By: ______________________
Paul K. Haines
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: December 12, 2025

Respectfully submitted,
HAINES LAW GROUP, APC

By: ______________________
Paul K. Haines
Attorneys for Plaintiff